### BRUCE, MEDLEY & NIX *v.* DICKERSON.

The verdict being without evidence to support it, a new trial should have been granted.

Argued January 18,—Decided February 19, 1906.

Complaint. Before Judge Gober. Cobb superior court. March 21, 1905.

*H. B. Moss* and *B. T. Frey,* for plaintiffs in error.

*Griffin & Attaway,* contra.

BECK, J. Dickerson sued the defendants below upon a balance alleged to be due upon a lumber account. On the trial of the case it appeared, from the plaintiff's own evidence, that under a contract between himself and the defendants, the defendants were to saw certain timber on his land for half of the lumber, and were to sell his part of the lumber along with their own, and to turn over to him his share of the proceeds when they were paid by the purchaser. "They were to buy the lumber straight out from me, they were to put it in with theirs, and then, when they got their money from the Morgan Smith folks, why I was to have my part out of it." Thus said the plaintiff in reference to his contract with defendants. He did not know whether the defendants had received the amount sued for, from the purchaser, at the time this suit was brought, or not. The defendants' evidence, however, was positive that they had not received the money at the time the suit was instituted. The jury returned a verdict for the plaintiff, and the defendants made a motion for a new trial, upon the general grounds, which was overruled by the court, and they excepted.

There can be no doubt that the court erred in not granting the new trial. Under the plaintiff's own evidence he was not entitled to recover. He was not to receive his share of the amount for which the lumber was sold, until it had been paid to the defendants by the purchaser; and as his own testimony failed to establish that the defendants had been paid, while that of the defendants clearly showed that the suit was brought before they had received the money, the verdict was without evidence to support it.

*Judgment reversed. All the Justices concur.*